HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

MARCY GOODSON,

    Defendant.

Case No. CR05-5797 RBL

ORDER

THIS MATTER comes on before the above-entitled Court upon Defendant Goodson's Motion to Sever Defendants for Trial [Dkt. #34] and Defendant Lund's Motion to Join Co-Defendant's Motion to Sever [Dkt. #39].

Having considered the entirety of the records and file herein, the Court rules as follows:

The defendants are charged in a two-count Indictment with conspiracy to distribute methamphetamine and possession of methamphetamine with the intent to distribute. The charges arose out of a search warrant issued for firearms and ammunition executed at the defendants' residence.[1] Defendant Goodson has moved to sever her properly joined trial from that of her co-defendant arguing that their defenses are mutually exclusive. For the reasons stated herein, defendant Goodson's motion to sever will be denied without prejudice.

---

[1] The search and the evidence obtained therefrom are the subject of a separate motion to suppress filed by defendant Goodson [Dkt. #19] and joined by defendant Lund [Dkt. #39].

ORDER
Page - 1

## DISCUSSION

Fed. R. Crim. P. 8(b) states that "[t]wo or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." However, Fed. R. Crim. P. 14 states in part that "[i]f it appears that a defendant . . . is prejudiced by a joinder of . . . defendants in an indictment . . . the court may . . . grant a severance of trials or provide whatever other relief justice requires." There is a substantial public interest in a joint trial of defendants indicted together, *United States v Camacho*, 528 F.2d 464, 470 (9th Cir. 1976), and the interests of justice are served by the avoidance of inconsistent verdicts. *Zafiro v. United States*, 506 U.S. 534, 537 (1993). "To be entitled to severance on the basis of mutually exclusive defenses, a defendant must show that the core of the codefendant's defense is so irreconcilable with the core of his own defense that the acceptance of the codefendant's theory by the jury precludes acquittal of the defendant." *United States v. Throckmorton,* 87 F.3d 1069, 1072 (9th Cir. 1996), *cert. denied*, 519 U.S. 1132 (1997). It is the defendant's burden to show clear, manifest, or undue prejudice from a joint trial. *United States v. Vasquez-Velasco*, 15 F.3d 833, 845 (9th Cir. 1994).

Goodson's defense will be that, in spite of her statement that the cash and drugs found during the search were hers,[2] the cash and drugs belonged to her co-defendant and that she was forced by Lund to admit they were hers. Goodson has provided the Court with what may possibly be Lund's defense (that the drugs and cash were Goodson's) and although Lund has joined in the motion, he has not explicitly set forth his defense theory. Because the defendant has not met her burden at this time to demonstrate that the defenses are mutually exclusive, it is hereby

**ORDERED** that Defendant Goodson's Motion to Sever Defendants for Trial [Dkt. #34] is **DENIED** without prejudice; and, it is further

**ORDERED** that Defendant Lund's Motion to Join Co-Defendant's Motion to Sever [Dkt. #39] is **GRANTED.**

---

[2]Goodson's statement is the subject of a separate motion to suppress {Dkt. #18].

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 25th day of April, 2006.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER
Page - 3